

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FONOVISA, a California Corporation, ET AL., | § § § | |
| Plaintiffs, | § § | |
| | § | A-04-CA-550 LY |
| v. | § § | |
| DOES 1-41, | § § | |
| Defendants. | § § | |

### RESPONSE OF GRANDE COMMUNICATIONS TO SUBPOENA AND MOTION TO ESTABLISH STANDING PROCEDURES

TO THE HONORABLE ROBERT PITTMAN, UNITED STATES MAGISTRATE JUDGE:

COMES NOW Grande Communications and files this its Response of Grande Communications to Subpoena and Motion to Establish Standing Procedures and as grounds therefore would respectfully show unto the Court as follows:

### Background

The Subpoena (copy attached as Exhibit A) directed to Grande Communications, Inc ("Grande"), a non-party, is part of the record industry's highly publicized campaign to deal with person-to-person music file sharing over the internet. The record industry believes such file sharing is copyright infringement. The involved individuals and the internet sites that play a role in the process disagree. Grande takes no position on the merits of this lawsuit whatsoever. It is before the Court because the Plaintiffs perceive Grande possesses discoverable, admissible evidence. Grande also requests a ruling from this Court concerning how properly to balance the discovery rights of the Plaintiff recording industry and the privacy rights of its customers and to be reimbursed for its costs in complying with the Plaintiffs' research requests, present and future.

This cause was initiated by Fonovisa, Inc. and others on August 25, 2004 alleging copyright infringement against forty one John Doe defendants. Plaintiffs claim to have evidence that the individuals were offering music for download on the internet at specific times. Plaintiffs filed an *ex parte* motion for expedited discovery in advance of a Rule 26(f) conference so a subpoena could be directed to movant Grande. The subpoena, served on October 1, 2004, requests that Grande provide the name, address, telephone number, e-mail address, and Media Access Control address for forty-one customers. The *ex parte* motion implies that Grande can gather this information by reference to a single business record called a subscriber activity log. The actual process for gathering the requested data is much more complicated. To comply, Grande must retrieve maintenance files from archived data storage and search millions of individual connection records within those files. Because these records only identify the time the IP address was allocated and released (which can be weeks or months apart), the search interval can be very long. The connection record identifies the cable modem associated with the connection; accordingly, an additional search must then be performed in the Grande billing systems to identify the actual customer associated with the cable modem. It is that billing record search that reveals the customer associated with the time and date specified in the subpoena. Grande's technical staff will be available to testify at any hearing on this issue, should a factual dispute arise regarding the burden placed on Grande by the Plaintiffs' discovery requests. To conclude, Grande is not analogous to a treating physician who can copy a file with a patient/customer name on it and be done. Substantial staff time and technical resources are required to comply. Grande estimates it incurs costs of no less than $150 per IP address requested.

In seeking the requested data, Plaintiffs rely on general provisions concerning subpoenas and specific provisions of the Copyright Act. Grande's customers have rights as well. First, Grande represents to its customers in various forums that Grande supports its customer's right to use and enjoy the internet anonymously to the extent the law allows and that Grande will take reasonable steps to protect customer's personal data. Further, there is a First Amendment based right to anonymity. *See, NAACP v. Alabama,* 357 U.S. 449 (1958). The Courts have applied these principals to the very issue at hand—balancing a copyright plaintiff's right to discovery versus an internet customer, potential defendant's right to anonymity. Grande does not propose that the Court, at this juncture, resolve this philosophical issue. Grande asks the Court only to create a procedure where any Grande customer who claims such a right can assert it in advance of having personal information disclosed. As the numerous Court orders attached to Plaintiffs' *ex parte* motion indicate, an Order compelling ISPs to disclose customer names has become virtually automatic. It appears that the balancing requested by Grande is not often sought by ISPs. This trend notwithstanding, evenhandedness demands a forum in which customers can assert their privacy rights.

### **Specific Relief Sought**

1. Conditioning Grande's compliance with the subpoena on:

    a. Plaintiffs tendering payment of $ 150.00 per IP address requested for both the forty-one John Does covered by the instant subpoena and any IP addresses/corresponding names, addresses requested in the future.

    b. the Court order that Grande, within ten days of the Order arising from this motion, send a letter to each John Doe substantially in the form attached to this motion as Exhibit B. For customers, if any, who avail themselves of the notice provisions,

described therein, Grande's duty to disclose will be governed by that process. For all others, Grande shall deliver the requested information within 10 days after the expiration of the notice period granted by the notice letter

2. that a standing order be entered to simplify and streamline this process for the benefit of all parties and the Court on a going forward basis. Specifically, Grande consents to the entry of an Order that subpoenas may be directed to it in this cause number without further Court intervention provided that the record industry aggregate the requests into batches of not less than 20 nor more than 50 IP addresses, that Grande have 45 days from the date it receives each subpoena to issue the notice letters described above, that each subpoena be accompanied by a check for $150 per IP address requested, and that Grande be afforded no less than 10 days from the expiration of the notice period to deliver the subpoenaed information.

### Argument

Rule 45(c)(2)(B) provides that an order to compel production "*shall* protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded." With respect to this provision, the Advisory Committee expressly adopted the opinion that nonparties to litigation should not be required to subsidize the costs of that litigation. *In re Letters Rogatory*, 144 F.R.D. 272, 278 (E.D. Pa. 1992) (citing *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982)). Therefore, courts require the requesting party to pay the expenses of a nonparty in complying with a subpoena. *See British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 592 (W.D. Tex. 2000); *Williams v. City of Dallas*, 178 F.R.D. 103, 113-14 (N.D. Tex. 1998). The facts of a particular case may

warrant prepayment of the nonparty's related costs and expenses. *Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999).

### Request for Oral Hearing

Because of the unusual nature of these proceedings, Grande requests, pursuant to Local Rule CV-7(g), an oral hearing before Magistrate Pittman or Judge Yeakel.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Grande prays for the relief requested hereinabove and in the proposed order tendered herewith.

Respectfully submitted,

KELLY, HART & HALLMAN, P.C.
301 Congress Avenue, Suite 2000
Austin, TX 78701
(512) 495-6400
(512) 495-6401 (FAX)

By: _____
J. STEPHEN RAVEL
State Bar No. 16584975

## CERTIFICATE OF CONFERENCE

While the conference provisions of Local Rule CV-7(h) probably do not apply to this preceding, the undersigned has informed Los Angeles counsel for Plaintiffs that the Response is coming and that Grande will make every effort to resolve this matter without further Court intervention.

_____
J. Stephen Ravel

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing **Response of Grande Communications to Subpoena and Motion to Establish Standing Procedures** was forwarded by facsimile, to the following:

Stacy R. Obenhaus
Gardere Wynne Sewell LLP
600 Congress Avenue, Suite 6000
Austin, TX 78701
Facsimile No. (512) 542-7100

Yvette Molinaro
Mitchell Silbeberg & Knupp LLP
11377 West Olympic Blvd.
Los Angeles, CA 90064
Facsimile No. (202) 974-0555

SIGNED on the 15th day of October, 2004.

_____
J. Stephen Ravel

LAW OFFICES
# MITCHELL SILBERBERG & KNUPP LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

TRIDENT CENTER
11377 WEST OLYMPIC BOULEVARD
LOS ANGELES, CALIFORNIA 90064-1683
(310) 312-2000
FAX: (310) 312-3100

## NOTICE TO SERVICE PROVIDER

We are counsel for the Recording Industry Association of America, Inc. ("RIAA") and its member record companies. The RIAA is a trade association whose member companies create, manufacture, and/or distribute approximately ninety percent (90%) of all legitimate sound recordings sold and distributed in the United States. We have determined that users, customers, or subscribers of your system or network have infringed our clients' copyrighted sound recordings.

We are serving you with the enclosed Subpoena requesting information identifying the people assigned the IP addresses listed in the Subpoena.

We understand that some ISPs may notify their subscribers that a third party is seeking their identifying information through a Subpoena. If you choose to do so, please indicate in your notification that a user may direct questions regarding the Subpoena or possible resolution of the matter to the record companies' representatives by phone at (206) 973-4145, by facsimile at (206) 242-0905, or by e-mail at info@settlementsupportcenter.com. Be advised, however, that providing notification to your subscribers does not relieve you of, or allow you to delay, your obligation to disclose to us on the date contained in the Subpoena the identifying information sought by the Subpoena.



EXHIBIT
A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FONOVISA, a California corporation, ET AL., | § § § § | |
| Plaintiffs, | § § | |
| V. | § | A-04-CA-550 LY |
| DOES 1-41, | § § | |
| Defendants. | § § | |

### ORDER

Before the Court is Plaintiffs' Expedited *Ex Parte* Motion for Order Permitting Third-Party Discovery Prior to Fed. R. Civ. P. 26(f) Conference, filed August 25, 2004 (Clerk's Dkt. #3). The motion was referred to United States Magistrate Judge Robert Pitman for resolution pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Plaintiffs, members of the Recording Industry Association of America, Inc. ("RIIA"), are record companies holding copyrights for numerous sound recordings. They allege each Defendant has, without permission, used the Internet to download, and/or make available for download to others, various copyrighted sound recordings. Plaintiffs contend these actions constitute copyright infringement, entitling them to damages from the Defendants.

Plaintiffs now seek expedited discovery from a third party for the purpose of identifying Defendants Does 1-41. Specifically, they wish to issue a Rule 45 subpoena to Grande Communications, an Internet Service Provider ("ISP"). Plaintiffs request permission to obtain names and addresses for persons they believe are offering copyrighted sound recordings for download over the Internet.

A party is generally not entitled to seek discovery from any source prior to a Rule 26(f)

conference with the opposing parties. FED. R. CIV. P. 26(d). Early discovery may, however, be authorized by court order upon a showing of good cause. *Qwest Comms. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001); *Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).

According to Plaintiffs, they have no means of identifying each Doe Defendant without the requested discovery. In support of their motion, Plaintiffs have submitted a declaration from Jonathan Whitehead ("Whitehead"), Vice President and Counsel for Online Copyright Protection for RIAA. Whitehead avers that the RIAA has downloaded and listened to a sample of music files offered for download on a P2P network by each Defendant.[1] (Whitehead Decl. ¶16). The RIIA, thus, has a record of the recordings offered for download, the date and time the infringing activity was observed, as well as the Internet Protocol ("IP") address assigned to each Defendant at the time. (*Id.* ¶¶16-17).

According to Whitehead, the IP address, in combination with publicly available databases, allowed the RIAA to determine the ISP used by each Defendant. (*Id.* ¶12). In this case, the RIAA determined the ISP for each Defendant was Grande Communications. (*Id.* ¶16). Whitehead maintains the RIAA is unable to make any further specific identification because an ISP owns a range of IP addresses, but assigns a specific address only when that subscriber actually goes online. (*Id.* ¶14 n.8).

Plaintiffs should be afforded the opportunity to obtain discovery relevant to the identification of defendants they contend are liable to them. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163

---

[1] A P2P, or peer to peer, network allows individuals with a personal computer and access to the internet to offer digital copies of recordings for download by other users. These programs, such as KaZaA, Morpheus, Grokster, and eDonkey, allow an Internet user to directly search the .mp3 file libraries of other users. Thus, no specific web site is involved, or subject to liability. *Recording Industry Ass'n v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1231-32 (D.C. Cir. 2003).

2

(9th Cir. 1999) (dismissal of action against unnamed defendant not required as identity might be ascertained through discovery); *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (dismissal for want of prosecution improper where plaintiff not permitted to conduct discovery to identify defendant). *See also Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 351-52 (5th Cir. 1989) (complaint should not be dismissed for failure to demonstrate standing without providing plaintiff opportunity to supply more supportive facts). As they point out, without identification of the Defendants, the type of conference contemplated under Rule 26(f) is impossible. Thus, they have established good cause for the necessity of engaging in discovery at this early stage of the proceedings.

Accordingly, Plaintiffs' Expedited *Ex Parte* Motion for Order Permitting Third-Party Discovery Prior to Fed. R. Civ. P. 26(f) Conference (Clerk's Dkt. #3) is hereby **GRANTED**. Plaintiffs may serve immediate discovery on Grande Communications to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, that is, the name, address, telephone number, e-mail address and Media Access Control address for each Defendant. The disclosure of this information is governed by the provisions of 47 U.S.C. § 511(c)(2)(B). Any information disclosed to Plaintiffs in response to the subpoena may be used solely for the purpose of protecting Plaintiff's rights under the Copyright Act.

SIGNED this 26th day of September 2004.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE

# Issued by the
# United States District Court

## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| FONOVISA, INC.; ARISTA RECORDS, INC.; ATLANTIC RECORDING CORP.; BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LONDON-SIRE RECORDS INC.; MAVERICK RECORDING CO.; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT INC.; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC. | **SUBPOENA IN A CIVIL CASE** |
| vs. | |
| DOES 1 - 41 | |

To:    Grande Communications
       401 Carlson Circle
       San Marcos, TX 78666

Case No. **A:04-CA-550-LY**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Information, including name, address, telephone number, e-mail address, and Media Access Control addresses, sufficient to identify the alleged infringers of copyrighted sound recordings, listed by IP address in Attachment A to this Subpoena.**

| PLACE | DATE AND TIME |
|---|---|
| Gardere Wynne Sewell LLP<br>600 Congress Avenue<br>Suite 3000<br>Austin, TX 78701<br>Phone: (512) 542-7000 | October 22, 2004, 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following remises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (indicate if attorney for Plaintiff or Defendant)<br>*[signature]*   **Attorneys for Plaintiffs** | DATE  9-30-04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
STACY OBENHAUS
Gardere Wynne Sewell LLP
600 Congress Avenue
Suite 3000
Austin, TX 78701
Phone: (512) 542-7000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**Attachment A**

24.155.100.153 2004-07-11 07:26:32 EDT

66.90.144.113 2004-06-09 23:01:42 EDT

24.155.58.167 2004-06-24 08:11:05 EDT

216.188.226.59 2004-04-20 03:44:36 EDT

216.188.246.134 2004-05-26 10:52:57 EDT

216.188.252.245 2004-07-09 11:44:46 EDT

216.82.194.145 2004-04-30 02:16:33 EDT

216.82.195.100 2004-05-12 02:19:00 EDT

24.155.101.82 2004-07-06 00:41:48 EDT

24.155.104.251 2004-05-06 08:41:37 EDT

24.155.107.31 2004-07-16 06:23:20 EDT

24.155.108.175 2004-05-06 04:18:26 EDT

24.155.109.244 2004-04-10 03:33:23 EDT

24.155.125.106 2004-05-14 08:38:58 EDT

24.155.134.43 2004-07-13 05:27:44 EDT

24.155.134.48 2004-06-03 09:13:31 EDT

24.155.134.65 2004-05-12 13:26:58 EDT

24.155.155.192 2004-07-11 09:10:34 EDT

24.155.50.53 2004-04-13 07:23:25 EDT

24.155.53.30 2004-05-03 00:08:25 EDT

24.155.57.148 2004-04-15 10:30:20 EDT

24.155.60.60 2004-06-07 01:50:45 EDT

24.155.70.87 2004-07-15 01:52:27 EDT

24.155.72.102 2004-04-20 04:38:38 EDT

66.90.144.152 2004-06-23 01:40:55 EDT

66.90.152.84 2004-06-24 01:32:25 EDT

66.90.160.212 2004-05-09 13:33:27 EDT

66.90.161.40 2004-04-18 14:59:11 EDT

66.90.161.71 2004-06-06 04:05:30 EDT

66.90.167.121 2004-04-14 13:54:43 EDT

66.90.170.94 2004-04-20 08:49:59 EDT

66.90.182.144 2004-05-16 06:59:15 EDT

66.90.184.81 2004-04-14 04:34:51 EDT

66.90.198.153 2004-06-04 13:42:37 EDT

66.90.205.12 2004-07-16 11:10:08 EDT

66.90.246.172 2004-04-09 08:39:30 EDT

66.90.246.86 2004-06-23 10:13:42 EDT

66.90.247.182 2004-05-16 00:25:17 EDT

66.90.252.173 2004-06-24 11:29:15 EDT

66.90.254.237 2004-06-11 10:00:40 EDT

66.90.254.243 2004-04-18 07:46:29 EDT

# PROOF OF SERVICE

| SERVED | Date | Place |
|---|---|---|
|  |  |  |

| served on (Print Name) | Manner of Service |
|---|---|
|  |  |

| served by (Print Name) | Title |
|---|---|
|  |  |

# DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    Date                                                Signature of Server

                                                                                                                                   Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D
(c)       PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

          (1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

          (2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

                (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

          (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

                      (i)    fails to allow reasonable time for compliance,

                      (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

                      (iii)    requires disclosure or privileged or other protected matter and no exception or waiver applies, or

                      (iv)    subjects a person to undue burden.

                (B)    If a subpoena

                      (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

                      (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

                      (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)       DUTIES IN RESPONDING TO SUBPOENA.

          (1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

          (2)      When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Dear Grande Internet Customer (full name)

I write to you to keep you fully informed concerning an issue that affects you. As you may have read, the record industry and others are interested in internet based music sharing. The record industry has issued a subpoena to Grande asking for the name, address and some other personal information relating to the Grande internet customer(s) who were at particular IP addresses at particular, precise times. Our records indicate that the cable modem rented by Grande to you was at one of the IP addresses about which we were subpoenaed.

Grande wants all its customers to be able freely to use the internet. However, the law places on Grande certain obligations to respond to subpoenas like the one it received from the record industry.

To balance these sometimes conflicting obligations, Grande has gone further to protect its customer's privacy interests than most other Internet Service Providers of which we are aware.

Specifically, upon receiving the subpoena that would have led automatically to the disclosure of your name and address, Grande went to Court to establish a procedure where you could (if you wish), on an anonymous basis contest the record industry's right to obtain your name. United States Magistrate Judge Robert Pittman's Order is attached. Grande takes no position concerning whether any copyright infringement has occurred. That is a matter for resolution between internet users like yourself and the record industry. However, if you wish to contest the right of the record industry to obtain your personal information from Grande, Grande has protected your right to do so.

What are your options?

1. If you do not contest the record industry's right to obtain your personal information, you need do nothing and Grande will be obliged under Judge Pittman's order to disclose your information.

2. If you wish to oppose the release of your personal information, you must follow the guidelines and timelines in Judge Pittman's order. Grande takes no position on who will or should win that argument, if you choose to make it; Grande will abide by the Judge's decision. Grande's goal was to provide you with a procedure to contest the release of your information, if you wanted that opportunity.

3. If you wish to attempt to resolve the record industry's allegations concerning music sharing or have questions for the record industry regarding the subpoena, you may reach them as follows:



EXHIBIT B

Grande Internet Customer (Full Name)
October _____, 2004
Page 2

    Telephone: (206) 973-4145
    E-mail: info@settlementsupportcenter.com

    Grande took steps to preserve your right to assert any objections you may have to this subpoena because Grande values you as a customer. We wish you well in resolving the issues that the record industry raises by its subpoena.

                      Sincerely,

                      Andy Sarwal
                      Associate General Counsel