IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2005 JUL 14 AM 10: 54
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | | |
|---|---|---|
| FONOVISA, INC., A CALIFORNIA CORPORATION, ET AL., | § § § § § | |
| Plaintiffs, | § | |
| V. | § | A-04-CA-550 LY |
| DOE NUMBER ONE, | § § § | |
| Defendant. | § | |

### ORDER

At the time they filed this action Plaintiffs filed an expedited *ex parte* motion seeking an order permitting them to engage in third-party discovery for the purpose of identifying the defendant. On September 29, 2005, the Court granted Plaintiffs permission to seek expedited discovery from third party Grande Communications by way of a Rule 45 subpoena. Grande Communications subsequently sought a ruling regarding the deadline for responding. By order dated February 1, 2005, the Court ordered Grande Communications to respond to Plaintiffs' subpoena within twenty eight days.

To date, however, there has been no indication from Plaintiffs as to the result of their discovery. The rules of civil procedure contemplate prompt service upon a defendant. "If service of the summons and complaint is not made upon a defendant within 120 days of the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice or direct that service be effected within a specified time ... ." FED. R. CIV. P. 4(m). Well more than 120 days has passed since the grant of permission to conduct discovery, let alone the filing of the complaint in this action.

27.

Accordingly, Plaintiffs are hereby ORDERED to show cause in writing to the Court **on or before August 5, 2005** why identification of and service upon the defendant has not occurred.

SIGNED this 14th day of July, 2005.

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE

2